STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
  Shaun and Mary Reed }          Docket No. 133-6-00  Vtec

Decision and Order on Motion for Summary Judgment

Appellants appealed from a decision of the Planning Commission of the Town of Highgate denying approval to a proposed two-lot subdivision.  Appellants are represented by Brian P. Hehir, Esq.; the Town is represented by David A. Barra, Esq.  Appellant has moved for summary judgment.

The following facts are not in dispute unless otherwise noted.

Appellants own a parcel of land on Frontage Road, adjacent to a parcel owned by the Swanton-Highgate Gun Club, Inc.  Appellants propose to divide their parcel into two single-family house lots, of 1.03 acres and 1.01 acres respectively, each with access to Frontage Road.  The lots are proposed to share a water system from a drilled well, and to have individual wastewater disposal systems.  Appellants have received subdivision approval for this project from the State of Vermont.

The proposal falls within the definition of "minor subdivision" in §200.7 of the Highgate Subdivision Regulations.  Accordingly, Appellant's Motion for Summary Judgment is GRANTED as to Question 1 of the Statement of Questions.

The proposed plat for the subdivision appears to contain all the items required by §610.1 and 610.3[1] referenced in Article IV of the Subdivision Regulations.  The Town's Memorandum in Opposition presented no contested facts on this question, whether supported by affidavit or by reference to the plot plan in evidence. Accordingly, Appellant's Motion for Summary Judgment is GRANTED as to Question 2 of the Statement of Questions.

As to Question 3, whether the proposal satisfies the requirements of §700 of the

---

[1] Misnumbered as 600.3 in the Subdivision Regulations, but contained on page 13 immediately following §610.2.

1

Subdivision Regulations, the Town contests only certain of the subsections. In particular[2], the Town contests §700.1 (whether the land is suitable for the development); §700.4 (adequate provision for the control of runoff and erosion); §700.7 (compatibility with surrounding properties (specifically the Gun Club)); and §700.8 (suitability for the proposed density). The Town has not come forward with argument or contested facts regarding any of the other criteria. Accordingly, Appellants' Motion for Summary Judgment is GRANTED in part as to the other sections of §700, and is denied as to §700.1; §700.4; §700.7; and §700.8. We will hold a hearing on the merits of those subsections.

Based on the foregoing, Appellants' Motion for Summary Judgment is GRANTED as to Questions 1 and 2 of the Statement of Questions. As to Question 3 of the Statement of Questions it is GRANTED in part and DENIED in part. A hearing will be scheduled on the remaining portions of Question 3. We will hold a conference on Thursday, December 28, 2000 at 9 a.m. to discuss the scheduling of this matter, as Judge Wright and Attorney Hehir will be at the Chittenden District Court on another matter. Attorney Barra may participate by telephone or in person, at his election. He shall inform the Environmental Court no later than Wednesday, December 27, if he wishes to participate by telephone, as he cannot call in to reach the conference at the Chittenden District Court.

Done at Barre, Vermont, this 20th day of December, 2000.

_____
Merideth Wright
Environmental Judge

_____

[2] But, unfortunately, without specifying the contested subsections.

2